# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SWAN & MATHESON RESOURCES, )
LLC; SHELDON SWAN, AS )
SUCCESSOR DEATH TRUSTEE OF THE )
SHIRLENE B. SWAN LIVING TRUST; )
KRISHEL RESOURCES, INC., )
                                      )
      Plaintiffs, )
                                      )
vs. )   Case No. CIV-13-480-M
                                      )
XTO ENERGY INC., AND CANYON )
PARTNERS, LLP, )
                                      )
      Defendants. )

## ORDER

Before the Court is plaintiffs' Motion to Remand Action to State Court, filed May 14, 2013. On June 4, 2013, defendant XTO Energy Inc. ("XTO") filed its response, and on June 10, 2013, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On April 5, 2013, plaintiff filed the instant action in the District Court of Major County, State of Oklahoma. This case involves a dispute over the ownership and corresponding entitlement to royalties for mineral estates underlying real property in Major County, Oklahoma. The Petition alleges that plaintiff Krishel Resources, Inc. ("Krishel") acquired title to the mineral interests in 1987, that the Shirlene B. Swan Living Trust ("Swan Trust") acquired the mineral interests from Krishel in 2008, and that plaintiff Swan & Matheson Resources, LLC ("SMR") acquired the mineral interests from the Swan Trust in 2011. The Petition contends that Krishel, SMR, and the Swan Trust are the only parties who have held good title to the mineral interests from 1987 through present day.

XTO is the operator of oil and gas wells that have produced from the mineral interests. The Petition alleges that XTO has improperly failed to pay plaintiffs the royalties attributable to the production from those wells. Plaintiffs further allege in the Petition that defendant Canyon Partners, LLP ("Canyon") received a fraudulent deed to a portion of the mineral interests in 2006, and that from 2006 through present day Canyon has received royalty payments attributable to these interests that should have been paid to plaintiffs.

In the Petition, plaintiffs allege the following claims for relief: (1) declaratory relief – specifically a declaration by the Court as to the mineral and leasehold rights and obligations of the parties; (2) deed cancellation against Canyon only; (3) quiet title against Canyon only; and (4) an accounting. On April 30, 2013, plaintiffs dismissed their claims against Canyon with prejudice. On May 10, 2013, XTO removed this action to this Court on the basis of diversity jurisdiction. Plaintiffs now move to remand this action back to state court.

II.     Discussion

Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. *See* 28 U.S.C. § 1332(a). In the case at bar, plaintiffs assert that the amount-in-controversy requirement has not been met.[1]

> [W]here a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden is on a defendant seeking removal to demonstrate that this jurisdictional prerequisite is satisfied by "affirmatively establish[ing]" in the petition [or notice of removal] that the amount in controversy exceeds the statutory requirement.

---

[1] Plaintiffs do not dispute that the parties are diverse.

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). The removing party must establish the amount in controversy by a preponderance of the evidence. *See id.* Further, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotations and citation omitted) (emphasis in original). Finally, "[w]hen a Plaintiff is seeking injunctive or equitable relief and not monetary damages, the amount in controversy is the value of the right sought to be protected by the litigation." *Perrin v. Tenneco Oil. Co.*, 505 F. Supp. 23, 25 (W.D. Okla. 1980).

Plaintiffs assert that the amount in controversy is $53,670, the amount of royalties that have been paid by XTO to other persons attributable to plaintiffs' minerals interests reduced by the amount that plaintiffs have already recovered from Canyon and Legacy Royalties, another entity that had received royalties from XTO. In its response, XTO asserts, in part, that the requisite amount in controversy is satisfied based upon plaintiffs' claim for declaratory relief. Specifically, XTO asserts that based upon the affidavit of Erich Palko, XTO's Manager of Reservoir Development, that was attached to XTO's Notice of Removal, the value of the mineral interests that plaintiffs seek a declaration that they own is over $75,000 and, thus, the requisite amount in controversy is met.

In their reply, plaintiffs assert that the only remaining claim in this case is for an accounting and conversion of amounts due plaintiffs by virtue of said accounting and, therefore, the value of the mineral interests is irrelevant. Specifically, plaintiffs assert that XTO has already credited SMR with ownership of the mineral interests. However, in its Answer, XTO specifically denies that plaintiffs are entitled to receive any royalty payments from XTO. *See* Answer [docket no. 8] at ¶ 15. Further, in its response to plaintiffs' motion to remand, XTO specifically states that it has not

conceded that SMR is the current owner of the mineral interests and is entitled to future royalties. *See* XTO's Response to Motion to Remand and Brief in Support [docket no. 9] at 6.

Having carefully reviewed the parties' submissions, the Petition, XTO's Notice of Removal, and XTO's Answer, the Court finds that SMR's ownership of the mineral rights is disputed, that plaintiffs' claim for declaratory relief is still at issue, and the value of the mineral rights can be used to satisfy the requisite amount in controversy. The Court further finds that XTO has "affirmatively established" that the amount in controversy exceeds $75,000. Specifically, the Court finds that based upon the affidavit of Mr. Palko, the value of the mineral interests exceeds $75,000. Accordingly, the Court finds that there is diversity jurisdiction and that this action should not be remanded back to state court.

III.  Conclusion

For the reasons set forth above, the Court DENIES plaintiffs' Motion to Remand Action to State Court [docket no. 7].

**IT IS SO ORDERED this 25th day of June, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE